UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-60772-CV-DIMITROULEAS/ROSENBAUM

THOMAS A. LUKEN, as Assignee for
BUC INTERNATIONAL CORP.,

        Plaintiff,

v.

INTERNATIONAL YACHT COUNCIL,
LIMITED, and MLS SOLUTIONS, INC.,

        Defendants.
_____/

### ORDER

This matter is before the Court on Plaintiff's Motion to Amend Verified Motion for Award of Attorneys' Fees and Costs ("Motion to Amend") [D.E. 1442] pursuant to an Order of Reference entered by the Honorable William P. Dimitrouleas. [D.E. 1388]. On September 3, 2008, a hearing was held on Plaintiff's Motion to Amend, and all parties presented argument regarding their positions. After reviewing Plaintiff's Motion to Amend, all supporting and opposing filings, and taking into consideration the parties' arguments at the September 3rd hearing, and the file in this case, the Court denies Plaintiff's Motion to Amend.

### *I. BACKGROUND*

Pursuant to a judgment in favor of Plaintiff in April, 2004, Plaintiff filed its Agreed Motion to Enlarge Time to File Motions Seeking Attorney's Fees on May 6, 2004. [D.E. 1146]. The Court granted the Motion on May 10, 2004. [D.E. 1148]. On July 29, 2004, BUC moved to extend again the time to file its motion seeking attorney's fees and costs. [D.E. 1163]. Thereafter, Plaintiff filed

for and was granted eleven further extensions of time for the filing of its motion seeking attorney's fees and costs. [D.E. 1192, 1217, 1239, 1272, 1284, 1300, 1303, 1307, 1309, 1311, 1369]. On January 7, 2008, BUC filed an affidavit in support of its verified motion for attorney's fees (which the Court interpreted as a motion for attorney's fees), as well as its Motion to File a Hard Copy of an Appendix to the Motion. [D.E. 1387]. The Court granted in part BUC's Motion to File a Hard Copy of an Appendix to the Motion on January 10, 2008, and directed that Plaintiff file the Appendix. [D.E. 1389]. Plaintiff filed its Appendix on February 21, 2008. [D.E. 1395].

On March 31, 2008, the Court issued a briefing schedule regarding Plaintiff's Verified Motion for Attorney's Fees, directing Defendants MLS Solutions, Inc., and IYC to file their responses by April 11, 2008. [D.E. 1401]. On April 7, 2008, Plaintiff filed its Verified Motion for Attorney's Fees. [D.E. 1406]. Defendant IYC submitted its initial response to Plaintiff's Verfied Motion for Attorney's Fees on April 9, 2008, and moved to stay the proceedings based on the remand of the Eleventh Circuit Court of Appeals. [D.E. 1405]. Plaintiff filed an opposition to staying its Verified Motion for Attorney's Fees but did not oppose an extension of time for IYC to respond. [D.E. 1409]. On April 10, 2008, the Court denied IYC's motion to stay, but granted in part its motion for extension of time, and provided IYC until April 24, 2008, to file its response, and Plaintiff until May 8, 2008, to file its reply. [D.E. 1408].

On the same day, April 10, 2008, Plaintiff filed a Motion for Reconsideration of the Court's April 10th Order, and requested that IYC's motion for additional time to respond be granted because Plaintiff needed to augment its Appendix with additional records. [D.E. 1410]. On April 11, 2008, the Court issued a Revised Briefing Schedule directing BUC to "submit all . . . documents [referred

2

to]" regarding its Verified Motion for Attorney's Fees by April 25, 2008, and allowing Defendants IYC and MLS Solutions to file their responses by May 27, 2008, and Plaintiff, its reply by June 10, 2008. [D.E. 1411]. Defendant MLS Solutions filed its opposition on April 11, 2008. [D.E. 1412].

Defendant IYC moved for an extension of time to file its response on May 21, 2008 [D.E. 1419], which the Court granted on May 22, 2008. [D.E. 1420]. In its Order, the Court directed that both IYC and MLS Solutions could respond by June 26, 2008, and Plaintiff could submit its reply by July 17, 2008. *Id.* On June 26, 2008, IYC filed its opposition [D.E. 1424], and MLS Solutions filed a supplemental opposition [D.E. 1425].

On July 10, 2008, Plaintiff moved for an extension of time to file its reply [D.E. 1427], which the Court granted on July 11, 2008 [D.E. 1428], directing that Plaintiff file its response by August 18, 2008. On the day its response was due, Plaintiff filed for another extension of time to file its reply [D.E. 1436], which the Court granted on August 19, 2008 [D.E.1437], directing that Plaintiff's reply be filed by August 28, 2008. On August 22, 2008, the Court set Plaintiff's Verified Motion for Attorney's Fees for hearing on September 3, 3008. [D.E. 1440].

On August 28, 2008, Plaintiff filed its Motion to Amend [D.E 1442], seeking to amend its Verified Motion for Attorney's Fees, and attached its proposed amended motion for attorney's fees and costs. In its Motion to Amend, Plaintiff argues that it moves to file an amended motion for attorney's fees and costs in order to describe in more detail the applicability of factors set forth in *Fogerty v. Fantasy*, 510 U.S. 517 (1994), to attach newly found records concerning Stearns Weaver billings, and to summarize the monetary consideration in favor of Defendants as a result of counts in its Complaint on which Plaintiff did not prevail. *Id.* According to Plaintiff, Defendants will not

3

be prejudiced by the granting of its Motion to Amend, "as these matters were addressed in some form in Plaintiff's original Verified Motion for Award of Attorney's Fees . . . and its accompanying expert affidavit Grafton N. Carlson . . . , and argued in great detail in Defendant's Opposition to Plaintiff's [Verified] Motion [for Attorney's Fees], as well as Plaintiff's Reply [to the oppositions to its Verified Motion for Attorney's Fees] thereto." *Id.*, p. 1-2.  On the same day,  August 28, 2008, Plaintiff filed its Reply to the oppositions to its Verified Motion for Attorney's Fees [D.E. 1443]. In this reply, Plaintiff sets forth an analysis of its view of the *Fogerty* factors.  *Id.*   Also on the same day, the Court issued an order expediting Defendants' responses to Plaintiff's Motion to Amend. [D.E. 1444].

Defendant MLS Solutions filed its opposition to the Motion to Amend on August 29, 2008, arguing that granting of the Motion to Amend would be prejudicial to MLS Solutions, as it was filed right before the scheduled September 3rd hearing. [D.E. 1447].  Moreover, MLS Solutions contends that BUC's latest motion to amend is merely a means to delay further the proceedings and drive up litigation costs.  *Id.*   Finally, MLS Solutions opines that Plaintiff's Motion to Amend does not add any new facts or matters to be addressed by the Court, and, thus, is without merit. *Id.*

On the same day,  IYC also filed its opposition to Plaintiff's Motion to Amend [D.E. 1446], asserting that Plaintiff has had an abundance of time to prepare its Verified Motion for Attorney's Fees, including at least eleven extensions, and the Motion to Amend seeks to further delay the liability determinations.  Additionally, IYC argues that the Motion to Amend serves to prejudice Defendants by forcing them to expend additional costs in preparing additional responsive motions and prolonged determination of liability.   *Id.*

The Court set Plaintiff's Motion to Amend, along with Plaintiff's Verified Motion for Attorney's Fees, for hearing on September 3, 3008. [D.E. 1448]. All parties appeared for the September 3, 2008, hearing and argued their positions.

## *II. Analysis*

Based on the Court's review of the record and the arguments presented by the parties at the September 3, 2008, hearing, the Court finds that Plaintiff has had more than sufficient time to brief and fully support its Verified Motion for Attorney's Fees, and has not provided any basis at this late date necessitating an amendment to Plaintiff's Verified Motion for Attorney's Fees.

Plaintiff argued at the hearing that the purpose of its Motion to Amend was to add a response to Defendants' analysis of the *Fogerty* factors outlined in Defendants' oppositions to BUC's Verified Motion for Attorney's Fees and to submit the newly found Sterns Weaver time records. Plaintiff, however, admitted that Plaintiff's Reply to the oppositions to its Verified Motion for Attorney's Fees [*see* D.E.1443] also sets forth its arguments regarding the *Forgerty* factors. Additionally, Plaintiff conceded in its Motion to Amend that its arguments regarding the *Fogerty* factors were included in its Reply. *See* D.E. 1443 at 2. Regarding the newly found Stearns Weaver bills, Plaintiff offered no reason why these records had not previously been produced to Defendants. Nor did Plaintiff provide any explanation for the extreme delay in their discovery, as the issue of fees first became ripe in 2004.

Furthermore, as pointed out by Defendants, Plaintiff has had plenty of time to prepare and support it original Verified Motion for Attorney's Fees. The docket reveals that Plaintiff has been granted thirteen extensions of time to file its Verified Motion for Attorney's Fees over a three-year

5

time period from 2004 through 2007, and its original motion for attorney's was submitted over eight months ago, in January, 2008. All parties have filed their oppositions and Plaintiff has filed its Reply, and, thus, all issues are sufficiently briefed. Such a long period of time is more than sufficient for Plaintiff to have supplemented its arguments regarding its original Verified Motion for Attorney's Fees and to have discovered and submitted all time records supporting its Verified Motion, including the Stearns Weaver records. Moreover, allowing BUC at this point in time to submit additional billing records is prejudicial to Defendants. At some point in the extremely long history of the pendency of attorney's fees issues in this case, Plaintiff's ability to submit bills for consideration of payment must end. After more than four years of motions relating to the attorney's fees in this case, that point has certainly been reached, particularly in view of Plaintiff's inability to provide cause for its failure to locate the Stearns Weaver bills earlier. Accordingly, the Court finds no basis to grant Plaintiff's Motion to Amend and denies it.

### *III. Conclusion*

For the foregoing reasons, it is hereby **ORDERED And ADJUDGED** that Plaintiff's Motion to Amend Verified Motion for Award of Attorneys' Fees and Costs [D.E. 1442] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 8th day of September, 2008.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   The Honorable William P. Dimitrouleas
      Counsel of Record