UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-60772-CV-DIMITROULEAS/ROSENBAUM

THOMAS A. LUKEN, as Assignee for
BUC INTERNATIONAL CORP.,

        Plaintiff,

v.

INTERNATIONAL YACHT COUNCIL,
LIMITED, BARBARA TIERNEY, MLS
SOLUTIONS, INC., WILLIAM PAZOS,
FLORIDA YACHT BROKERS
ASSOCIATION, INC., and BRADFORD
YACHT SALES, INC.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs ("Motion for Specified Amount of Attorneys' Fees and Costs") [D.E.1467] pursuant to the Honorable William P. Dimitrouleas's Order, dated September 24, 2008 [ *see* D.E. 1458], affirming the finding of Plaintiff's entitlement to certain attorney's fees and costs, as set forth in the September 8, 2008, Report and Recommendation [*see* D.E. 1451]. Judge Dimitrouleas referred Plaintiff's Motion for Specified Amount of Attorneys' Fees and Costs to me for appropriate disposition or report and recommendation on November 26, 2008. [*See* D.E. 1468]. After reviewing the Motion, all responsive and opposing filings and briefs, I hereby recommend granting in part and denying in part Plaintiff's Motion for Specified Amount of Costs only. I defer making my recommendation on

Plaintiff's Motion for Specific Amount of Attorneys' Fees at this time. [*See* D.E. 1480 (Order directing Plaintiff to file additional materials in support of his Motion)].

## *I. Background*[1]

BUC brought this action to recover damages, among other remedies, stemming from Defendants' alleged copyright infringement of BUC's protected Yacht Listing. [D.E. 1]. Following a jury trial, the Court entered judgment for BUC[2] in the amount of $1,598,278.00, plus interest, against Defendants MLS and International Yacht Council Limited ("IYC"). [D.E. 1137]. The Eleventh Circuit affirmed the judgment. [D.E. 1333].

Luken filed an affidavit in support of his verified motion for attorney's fees on January 7, 2008. [*See* D.E. 1387]. Luken filed his actual Verified Motion for Attorney's Fees and Costs on April 7, 2008, in which he sought attorney's fees incurred in the district court litigation and the appellate court litigation through the end of the *First BUC Appeal*. [*See* D.E. 1406; *see BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1135 (11th Cir. 2007) ("*First BUC Appeal*")]. Plaintiff's Verified Motion for Attorney's Fees and Costs was referred to me for report and recommendation or disposition by the Honorable William P. Dimitrouleas. [D.E.1388]. After the motion was fully briefed by all parties, oral argument was held on September 3, 2008.

---

[1] For a fuller background regarding the facts of this case, see Section I of the September 8, 2008, Report and Recommendation [D.E. 1451].

[2] BUC originally brought and litigated this action. On November 2, 2007 [D.E. 1361], however, Thomas A. Luken, as assignee for BUC, took over the litigation on BUC's behalf. For the sake of clarity, throughout the remainder of this Report and Recommendation, the Court shall refer to Luken as Plaintiff, regardless of whether Luken had taken on that role at the time of the event in question.

On September 8, 2008, I issued a Report and Recommendation ("September 8, 2008, Report") on Plaintiff's Verified Motion for Attorney's Fees and Costs, recommending that it be granted in part and denied in part. [D.E. 1451]. Specifically as to costs, the September 8, 2008, Report directed that "[w]ithin 30 days of the Court's entry of its Order regarding this Report and Recommendation, BUC should file its itemized list of all taxable costs incurred in this litigation for which BUC seeks an award." *Id.*, at 32. On September 24, 2008, Judge Dimitrouleas adopted the September 8, 2008, Report affirming the award of specific fees and costs to Plaintiff. [*See* D.E. 1458].

In accordance with the September 8, 2003, Report and the September 24, 2008, Order, Plaintiff filed the current Motion before the Court, Plaintiff's Motion for Specified Amount of Attorneys' Fees and Costs on November 24, 2008. [D.E.1467]. In his Motion, as it relates to costs, Plaintiff seeks expenditures for the following to be taxed against Defendants: (i) court reporters' preparation of "trial transcripts" totaling $7,726.00; (ii) fees charged by Rachlin, Cohen, Holtz, CPA, for serving as damage experts presented by Plaintiff at trial, totaling $163,725.00; (iii) "copies of Plaintiff's records" by Kinko's totaling $2,217.00; and (iv) "preparation of exhibits" by "Legal Size Graphics," totaling $2,438.00. *Id.*, at 1-2. Plaintiff argues that these costs were a necessary and reasonable expense directly associated with the evidence and trial in this case. *Id.*, at 2. In total, Plaintiff requests costs in the amount of $176,106.000, to be taxed against Defendants. *Id.* In support of his Motion, Plaintiff submits the Affidavit of Grafton N. Carlson. [D.E. 1467-2].

Defendants filed their Opposition on December 9, 2008. [D.E. 1472]. In their Opposition, as it relates to costs, Defendants argue that Plaintiff's Motion failed to comply with the September

8, 2008, Report by not proving an itemized list of costs, and with requirements set forth in Local Rule 7.3(A)[3] and (C),[4] S.D.Fla.. *Id.*, at 1-3. Defendants also assert that Plaintiff cannot recover costs in the amount of $163,725.00 for expert witness fees under 28 U.S.C. § 1920. *Id.*, at 4. Further, Defendants claim that Plaintiff did not show the costs were "necessarily obtained for use in the

---

[3] Local Rule 7.3(A), S.D.Fla., states that,

> Any motion for attorneys fees and/or cost: (i) must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; (ii) must state the amount or provide a fair estimate of the amount sought; (iii) shall disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made; (iv) describe in detail the number of hours reasonably expended, the bases for those hours, the hourly rate(s) charged, and identity of the timekeeper(s); (v) shall describe in detail all reimbursable expenses; (vi) shall be verified; (vii) shall be supported by an affidavit of an expert witness; and (viii) shall be filed and served within thirty days of entry of a Final Judgement or other appealable order that gives rise to a right to attorneys fees and/or costs. Any such motion shall be accompanied by certification that counsel has fully reviewed the time records and support data and that the motion is well- grounded in fact and justified. Prior to filing a motion for attorney's fees and/or costs, counsel shall confer with opposing counsel and make a certified statement in the motion in accordance with Local Rule 7.1.A.3. The motion shall also state whether a hearing is requested.

*Id.*

[4] Local Rule 7.3(C), S.D.Fla, states that,

> A bill of costs pursuant to Title 28, United States Code, Section § 1920 shall be filed and served within thirty days of entry of Final Judgment or other appealable order which gives rise to a right to tax costs . . . . An application for a bill of costs must be submitted in form A0133 of the Administrative Office of the United States Courts the bill of costs should attach copies of any document showing the amount of costs.

*Id.*

4

case," as required by 28 U.S.C. § 1920. *Id.*, at 5-6. As such, Defendants contend that Plaintiff's Motion for Costs should be denied in its entirety. *Id.*, 1, 6.

Plaintiff filed a Response to Defendant's Opposition ("Plaintiff's Reply") on December 22, 2008. [D.E. 1475]. Plaintiff concedes in this Reply that he cannot recover expert witness fees in the amount of $163,725. *Id.* However, Plaintiff asserts that the following costs are still taxable against Defendants: (i) fees for court reporters totaling $8,609.00; (ii) fees for "copying and creating exhibits" performed by Kinko's totaling $2,210.00;[5] and (iii) fees for "exhibits used at trial created by Legal-[e]ze,"[6] totaling $2,438.00. *Id.* Plaintiff argues that these costs are reasonable and modest in relation to the total expense Plaintiff incurred in enforcing his rights. *Id.* Based on these revised costs stated in Plaintiff's Reply, Plaintiff now seeks a total of $13,257.00 in costs from Defendants. *Id.*

Plaintiff filed a Notice of Conventional Filing of exhibits to support his Reply on December 22, 2008, but no exhibits were attached. [D.E. 1478]. Plaintiff filed another Notice of Convention Filing of Exhibits to support his Reply on January 6, 2009, which attached (1) an invoice from Official Reporting Service with a total amount due of $336.98; (2) a copy of a BUC check # 40526 paid to "Office Reporting Service, Inc.," in the amount of $336.98; (3) a copy of a BUC check #

---

[5] The Court notes that the cost amount asserted by Plaintiff for the court reporters as well as Kinko's services is different in this Reply [D.E. 1475], than it is in Plaintiff's Motion [D.E. 1467]. (Compare  $8,609.00 to  $7,726.00 for court reporters and 2,210.00 to  $2,217.00 for Kinko's copies, respectively).

[6] Plaintiff's reference to "Legal–Eze" is different from his earlier reference to "Legal Size Graphics," as stated in Plaintiff's Motion. The Court interprets this reference to "Legal Size Graphics" as a typographical error, as Plaintiff has provided an invoice from Legal-eze Graphics Company, Inc., to support his Reply.

40512 paid to "Robert Ryckoff" in the amount of $2,268.00; (4) a computer printout from SunTrust Checking, showing check #40118 paid to the order of "Court Reporter" in the amount of $6,000.00; (5) an invoice from The Legal-eze Graphics Company, Inc., with a total amount due of $2,438.00; (6) a purchase order from BUC to Kinko's in the amount of $2,210.21; (7) a quotation from Kinko's in the amount of $2,216.66; (8) a receipt from Kinko's in the amount of $2,239.94; and (8) a computer printout from SunTrust Checking, showing check #43063 paid to the order of "The Legal-eze Graphics Co., Inc.," in the amount of $ 2,438.00. [D.E. 1479].

## *II. Analysis*

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Rule 54(d) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transp.,* 229 F.3d 1012, 1038 (11th Cir. 2000). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, although the Court may not tax items not authorized by statute. *Crawford Fitting Co.*, 482 U.S. at 440-45;[7] *see also United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The

---

[7] Under 28 U.S.C. § 1920, the court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

burden falls on the prevailing party to demonstrate that the requested costs come within the scope of 28 U.S.C. § 1920. *See Green Constr. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 675 (D. Kan. 1994). As noted above, as the prevailing party, Plaintiff seeks $13,257.00 in costs. [D.E. 5 ].

### A. Court reporters

Plaintiff argues that the court reporters' fees were for trial transcripts, which were part of the record of appeal to the Eleventh Circuit and also used in post-trial matters. [D.E. 1467; 1475]. Plaintiff states in his Reply that the total cost for court reporters was $8,609.00, urging the Court to conclude that these fees are reasonable and necessary costs, and thus, taxable against Defendants. [D.E. 1475].

In support of the court reporter costs Plaintiff seeks, Plaintiff submits an invoice from Official Reporting Service with a total amount due of $336.98; a copy of a BUC check # 40526 paid to "Office Reporting Service, Inc.," in the amount of $336.98; a copy of a BUC check # 40512 paid to "Robert Ryckoff" in the amount of $2,268.00; and a computer printout from SunTrust Checking, showing check #40118 paid to the order of "Court Reporter" in the amount of $6,000.00. [D.E. 1479, at 2-5]. Adding up the numbers from all of these documents submitted by Plaintiff, the Court arrives at a cost total for court reporters equaling $8,604.98.[8]

Defendants do not make any specific objections to Plaintiff's requests as it pertains to costs for court reporters. Instead, Defendants object that Plaintiff's Motion in general does not itemize

---

[8] This amount is $4.02 *less than* $8,609.00, the amount Plaintiff states it seeks as the total cost for court reporters. As the Court has performed the calculation several times and always arrived at a total of $8,604.98, the Court interprets Plaintiff's reference to $8,609.00 as a typographical error.

costs as required by the September 8, 2008, Report, does not properly include a detailed description of costs, and does not establish that the items sought as costs were "necessarily obtained for use in the case," as required by 28 U.S. C. § 1920. [D.E. 1472, at 2, 5].

Under 18 U.S.C. §1920(2), costs are recoverable for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Id.* Recoverable costs include transcript costs and attendance fees of the court reporter or per diem. *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21, 2007).

In the case at hand, in the Court's review of Plaintiff's submission regarding costs of court reporters, it finds that Plaintiff has not satisfied his burden to show that all the items associated with the expenditure of $8,609.00 in "costs" were "necessarily obtained for use in the case." Consequently, the Court may tax against Defendants only those costs where Plaintiff has made the requisite showing.

The Court starts with Plaintiff's invoice of Official Reporting Service, LLC (*see also* copy of a BUC check # 40526 paid to "Office Reporting Service, Inc.," in the amount of $336.98, indicating payment for invoice), which shows that Plaintiff received three transcripts and ASCII disks for three days of trial for the total amount of $336.98. [D.E. 1479, at 2-3].  The fees for expedited or condensed transcripts, compressed and min-u-script versions, and CD ROMs with ASCII and e-tran, however, are not reimbursable under § 1920. *Ferguson*, 2007 WL 601921 at * 4; *Preis v. Lexington Ins. Co.*, 2007 WL 3120268, * 4 (S.D. Ala. Oct. 22, 2007); *Smith v. Quintiles Int'l*, 2007 WL 2412844, * 5 (M.D. Fla. Aug. 21, 2007); *University of Miami v. Intuitive Surgical Inc.*, 2007 WL 781912, * 1 (S.D. Fla. March 13, 2007).  As Plaintiff cannot recover for ASCII disks, the Court must determine the cost of each transcript for the three days of trial based on the number

of pages per trial day and the amount charged per page for each trial date. For the date of March 20, 2004, the transcript was 63 pages at .55 per page, totaling $34.66. [D.E. 1479, at 2]. For the date of March 31, 2004, the transcript was 148 pages at .55 per page, totaling $81.40. *Id.* For the date of April 1, 2004, the transcript was 76 pages at .83 per page, totaling $63.08. *Id.* As a result, adding together the charges for these three days of transcript, Plaintiff can recover only $197.45 ($34.66+ $81.40 + $63.08 ), of the $336.98 reflected on this invoice.

Additionally, Plaintiff submitted a copy of a BUC check # 40512 paid to "Robert Ryckoff" in the amount of $2,268.00. [D.E. 1479, at 4]. The Court recognizes that Mr. Ryckoff serves as an official federal court reporter. After inquiring with Mr. Ryckoff regarding this specific check and amount, the Court determined that $1,245.00 of the $2,268.00 check paid to Mr. Ryckoff was for 1,500 transcript pages at .83 per page for various trial dates. The other $1,023.00 of the $2,268.00 monies reflected in the check paid for ASCII disks, that as noted above, are not recoverable under the statute. Accordingly, Plaintiff can only recover $1,245.00 of the $2,268.00 paid to Mr. Ryckoff in this check.

With regard to the other $6,000.00 of court reporter costs that Plaintiff seeks, the Court finds that Plaintiff has not demonstrated that the items associated with these costs were "necessarily obtained for use in the case." In support of this $6,000.00 cost, Plaintiff provided the Court with a computer printout from SunTrust Checking, showing check #40118 paid to the order of "Court Reporter" in the amount of $6,000.00. [D.E. 1479, at 5]. However, this computer printout from SunTrust Checking does not demonstrate for what specifically the check paid or how the items obtained related to this case. While Plaintiff would certainly be entitled to costs incurred from transcripts for use at trial and for appeal, as described previously, to the extent that this amount

9

represents billing for ASCII disks or other impermissible costs under the statute, the Court could not award such costs. The burden falls on Plaintiff to make the showing that the items for which it seeks costs are compensable under the statute. Plaintiff made no showing that the $6,000.00 fees evidenced by the computer printout from SunTrust Checking were expended for compensable items. Consequently, the Court cannot award Plaintiff these costs, even though they may be for compensable items.

Accordingly, Plaintiff can recover only **$1,442.45** ($197.45 + $1,245.00) for court reporter fees.

### B.   Equipment Rental and Trial Specialist Fee

Plaintiff argues that costs in the amount of $2,438.00 paid to The Legal-eze Graphics Company "for exhibits utilized at trial created by Legal-[e]ze," are taxable against Defendants. [D.E. 1475]. According to Plaintiff, these costs were "for preparation of exhibits used at trial," and constitute a reasonable and necessary expense. [D.E. 1467]. Plaintiff provided a print-out of the checking account showing payment to Legal-eze in the amount of $2,438.00, and a corresponding invoice from Legal-eze for the same amount. *Id.*, at 6, 9.

Nevertheless, in the Court's review of the invoice from Legal-eze, the description for the services rendered states, "Equipment rental . . .9/24/02 . . . day rental: [m]ultimedia comp, projector, screen, c printer, LCD flat," as well as "[e]quipment setup/breakdown" and "[m]ultimedia [t]rial [p]resentation [s]pecialist 9/24/02 12:30-17:30." [D.E. 1470, at 6]. It appears from the invoice that Plaintiff is seeking costs for rental of equipment at trial and hiring a consultant or "specialist" to run rented equipment at trial, and for set-up and breakdown of equipment.

Defendants do not make any specific objection to Plaintiff's seeking costs for Legal-eze services, but generally object that Plaintiff's Motion does not itemize costs as required by the September 8, 2008, Report, does not properly include a detailed description of costs, and does not establish that the items sought as costs were "necessarily obtained for use in the case," as required by 28 U.S. C. § 1920. [D.E. 1472, at 2, 5].

The language of 28 U.S. C. § 1920 does not specifically permit reimbursement for trial experts or rental equipment utilized at trial. *See* 28 U.S.C. § 1920 (1)-(6). Furthermore, though the court has found no case directly on point in the Eleventh Circuit regarding recovery of costs for equipment rental or for an equipment specialist at trial, the Eleventh Circuit has denied costs for the recovery of the rental of equipment and hiring of a videographer for the playback of video depositions at trial. *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). In light of this precedent and in the absence of any indication in the statute providing for an award of costs for such expenditures, the Court cannot grant Plaintiff recovery of fees costs incurred as a result of services provided by The Legal-eze Graphics Company in the amount of $2,438.00.

C. **Creating and Copying of Exhibits**

In his most recent filing, Plaintiff seeks costs in the amount of $2,210.00 to be taxed against Defendants "for [the] creating and copying . . . [of] exhibits" by Kinko's. [D.E. 1475]. Further, Plaintiff avers that the Kinko's copies were for Plaintiff's records which were introduced into evidence at trial, and thus, a reasonable and necessary expense. [D.E. 1467].

In support of this expense, Plaintiff submits a BUC purchase order to Kinko's in the amount of $2,210.21, detailing the copying and preparation of binders and use of tabs requested from Kinko's, including purchase of 110 binders at $5.49 per binder, 28,082 copies at .02 cents per page,

11

and 4,317 tabs at .20 cents per tab. [D.E. 1479, at 7]. Plaintiff also included a quotation from Kinko's for $2,216.66, as well as a copy of a receipt from Kinko's with an paid amount of $2,239.94 for 115 binders at $5.49 per binder, 28,082 copies at .022 per page, 4,320 tabs at .20 cents per tab, plus tax. Based on Plaintiff's request, Plaintiff seeks reimbursement of monies paid to Kinko's of $2,239.94 for copying of exhibits, as well as for binders and tabs used in the exhibits.[9]

Defendants do not make any specific objections to Plaintiff's seeking costs for Kinko's services, but once again object that Plaintiff's Motion in general does not itemize costs as required by the September 8, 2008, Report, does not properly include a detailed description of costs, and does not establish that the items sought as costs were "necessarily obtained for use in the case," as required by 28 U.S. C. § 1920. [D.E. 1472, at 2, 5].

The costs of photocopies are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *EEOC*, 213 F.3d at 622-23; *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F.Supp. 906, 913 (M.D. Fla. 1989) (copies of pleadings, discovery, documents tendered by the opposing party and documents prepared for the court's consideration constitute recoverable costs), *aff'd,* 914 F.2d 267 (11th Cir. 1990). The party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.* 29 F.3d 1489, 1494 (11th Cir. 1994); *see also Helms v. Wal-Mart Stores, Inc.*, 808 F.Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd,* 998 F.2d 1023 (11th Cir. 1993). The prevailing party must provide information regarding the purpose of copies charged so the court will

---

[9] The Court notes that the paid amount of $2,239.94 is $29.44 *more* than $2,210.00 requested by Plaintiff in his Reply for Kinko's services. *Id.* The Court views this as a typographical error and interprets Plaintiff's Motion to seek the full amount of $2,239.94 paid to Kinko's.

be able to determine whether the rates paid for copies were reasonable, whether the copies made were related to the action at issue, and what the copies were for. *See, e.g., Lee v. American Eagle Airlines, Inc.*, 93 F.Supp.2d 1322, 1335-36 (S.D. Fla. 2000) (denying copying costs where prevailing party failed to provide description of copies, including why rates paid were reasonable or how expenses related to case).

After consideration of the supporting documents, the Court finds that Plaintiff has demonstrated that the items associated with the Kinko's charges for copying were necessarily obtained for use in the case and are therefore taxable against Defendants under the statute. Now, the Court must determine whether the rate paid for copies was reasonable. A review of other cases in this circuit indicates that a rate of $.10 to $.14 per copy is reasonable. *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 6 (M.D.Fla. Feb. 21. 2007) (reasonable rate of ten to fifteen cents per page)*; James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007) (holding reasonable rate of ten cents per page for copying in Southern District; nineteen to fifteen cents per page as unnecessarily high without factual support for increased rate for higher in-house rate). In this case, Kinko's charged Plaintiff a rate of .022 per page for 28,082 copies, which is well below reasonable rates, and, thus, recoverable. As such, Plaintiff can recover $617.80 (28,082 copies x .022 cents) for copying from Defendants.

On the other hand, the costs for 115 binders at $5.49 per binder for a total of $631.35, and 4,320 tabs at .20 cents per tab for a total of $864.00, as identified on the Kinko's receipt, are not recoverable. Cases establish that the costs for binders and dividers are not compensable under the statute, as they are "subsumed within operating overhead and are not taxable." *See Van Voorhis v.*

13

*Hillsborough Bd. Of County Com'rs.*, 2008 WL 2790244, * 5 (M.D.Fla. July 18, 2008); *see also M.D. Mark, Inc. v. Kerr-McGee Corp.*, 2008 WL 162990, * 5 (D. Colo. Jan. 15, 2008).

Accordingly, Plaintiff can recover only **$617.80** for the costs of copying exhibits.[10]

### *II. Conclusion*

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Specified Amount of Costs [D.E. 1467][11] be **GRANTED IN PART and DENIED IN PART**, and that Defendants International Yacht Council, Ltd., and MLS Solutions, Inc., be ordered to pay **$2,060.25** in costs to Plaintiff.[12]

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge.  Failure to file written objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal any factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.

---

[10] As Plaintiff withdrew his request for costs incurred in association with the provision of services by Rachlin, Cohen Holtz, CPA [D.E. 1475, at 1], the Court does not address this issue.

[11] At this time, the Court is not ruling on Plaintiff's Motion for Specified Amount of Attorney's Fees, and will make a recommendation as to this part of Plaintiff's Motion in a separate Report and Recommendation.

[12] The total cost amount is $1,442.45 for court reporter fees, plus $617.80 for the fees of copy exhibits, which equals $2,060.25.

1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*);[13] 28 U.S.C. §636(b)(1).

**FILED AND SUBMITTED** at Fort Lauderdale, Florida, this 14th day of January, 2009.

                                              ROBIN S. ROSENBAUM
                                              United States Magistrate Judge

cc:    The Honorable William P. Dimitrouleas
        Counsel of Record

---

[13] Decisions rendered by Unit B of the former Fifth Circuit constitute binding precedent in the Eleventh Circuit. *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).